Mabvin, J.
These two cases are here upon petitions in error. In the first of these cases, thirty-seven causes of action are set out in the petition, all of them upon promissory notes made by various parties, payable to “David Barnhisel, agent,” and endorsed in the same way. Most of these endorsements were actually endorsed by W. E. Cruse, who was authorized thereto by David Barnhisel, and the notes were, being thus endorsed, discounted at the Commercial Bank.
In the second of these cases, there are sixty causes of action set out in the petition, twelve of which are upon notes as in the other case, and forty-eight upon bills drawn by “David Barnhisel, agent,” on various parties,and discounted at the same bank; and a considerable number of these bills,if not all of them,(my recollection is, not all of them,) are thus drawn, and the name “David Barnhisel, agent,” *125 signed by W. E. Cruse, — he adding to the words, “David Barnhisel, agent,” the words, “by W. E. Cruse.” These several pieces of commercial paper were all dishonored; and as we think fairly shown by the pleadings, they were all properly protested. The suits were each brought by the bank against Barnhisel upon these several pieces of commercial paper,and tried to a jury,and in each case judgment was for the bank.
The real question in the case arising upon the admission of evidence and the charge of the court, is whether the endorsement upon these notes, and the signing of the bills by the maker, “David Barnhisel, agent,” are such as charge Barnhisel, personally, for the several amounts of the bills and notes. It is settled in Ohio,that if the notes were made and signed “David Barnhisel, agent,” as the maker, that he would be personally liable upon thenr. That is fully settled in the case of Collins v. Buckeye State Insurance Company, 17 Ohio St. Rep., page 215. In the opinion in that case,however, the court used the language which seems to make a distinction between the maker of such paper and the endorser. In that case, however, it is settled that so far as the maker is concerned, it is indifferent whether the holder of the paper had knowledge of the fact that he who made the paper was agent of somebody and knew who the principal was, that in anj- event, the man signing the paper followed by the word “agent, ” is still personally liable. Judge Welch, on page 223 of the opinion in that case, says: “The first question made in the caséis, whether there is sufficient proof of the insurance company’s knowledge, that Collins was acting as agent.
“That question we need not discuss, unless we think the fact of such knowledge would make a defense for Collins against an action on the notes. Would it make such defense? In other words: Where at) agent makes a promissory note in the form of these, is he liable as maker of the note, not *126 withstanding the fact that the payee knew he was acting as such agent at the time? We .are of the opinion that he is so liable. To hold otherwise, it seems to us, would be to make a new contract for the parties.”
He then goes on to discuss the question of whether,if he were an endorser, the law would be the same; and says:
“The cases cited, in which the agent was held not liable, appear to be those where he was sought to be charged as endorser of negotiable paper, or — which is much the same thing — as drawer of bills of exchange. The difference between that class of cases and the present, is also quite obvious. Where an agent has the legal title to a note or bill, his endorsement is indispensible to pass that title.. The endorsement, like the deed, is a simple transfer of title. The liability of the endorser arises, mainly, outside of the endorsement, That liability may be changed without changing the endorsement itself. It is a mere implication of law, arising upon the endorsement, No question of the admissibility of parol evidence is involved in such cases.' ’
Without stopping to read further, if the reasoning in that case — the language which'I have just read — is the law in Ohio, it would seem to follow that it would have been admissible to show in these cases, that Barnhisel was actually the agent of his wife as it is claimed that he was, and that such agency was known to the bank, and that he would not be liable. In the case of Robinson v. The Kanawha Bank, 44 Ohio St., page 441, there is a similar reasoning; but in neither of those cases was it necessary to determine that question in order to determine the cases.
In the case of Bank v. Cook, 38 Ohio St. Rep., page 442, the syllabus reads as follows:
“The character of the liability of the drawer of the bill of exchange must be determined from the instrument itself;' and the addition of the word ‘agent5 to his name, without anything else on the instrument indicating his principal, does not relieve him from personal liability as drawer of the bill.”
*127 That was a case where Cook signed his name to the bill, “W. P. Cook, Treas.” Suit was brought against Cook. Without stopping to read from the opinion — I have read the syllabus in that case — the court held him liable as maker.
In the 46 Ohio St. Rep., the case of Farr v. Ricker, page 265, was a case where a note was endorsed in blank, and it Was sought to show that the endorser was not liable because the endorsement was to have been “without recourse;” and the court held in that case, Judge Minshall delivering the opinion: •
“The case presents' the question, whether parol evidence is admissible for the purpose of varying the legal effect of such an endorsement. There has been some conflict in the decisions as to this, but it now seems that the decided weight of authority is against the admission for such purpose, Its admission has generally been placed on the ground, that the contract of endorsement is an implied one, not in writing, and so not within the rule excluding parol evidence offered for the purpose of varying, or contradicting the terms of a written agreement. .But this is not the generally received opinion, and is contrary to the usage and understanding of the commercial world.”
It is said by Justice Matthews, in the 104 U. S., at page 37:
“The contract created by the endorsement and delivery of a negotiable note, even between the immediate parties to it, is a commercial contract, and is not in any proper sense a contract implied by the law, much less an inchoate or imperfect contract. It is an express contract, and is in writing, some of the terms of which, according to the custom of merchants and for the convenience of commerce, are usually omitted, but not the less on that account perfectly understood. ”
Now, from these two cases, it seems to us, that in this case and the one which I read from the 38 Ohio State Reports, *128 the question was distinctly made as to whether the drawer of a bill may escape liability where he signs his name as “agent” or as “treasurer,”by showing that he was actually acting as the agent of another party; and it was held that he could not; and in the latter case it is held that the endorsement is not to be inquired into; that is to say,that the contract made by endorsing cannot be explained by parol. It seems to us, that these authorities warrant us in saying that there was no error on the part of the common pleas in holding, as it did, that the maker, Barnhisel, was, liable upon these notes and bills, and could not be heard to explain that he was the agent of his wife, and known by the bank to be such agent when he drew the bills and endorsed the notes.
The case of Babcock v. Beman, 11 N. Y., page 200, is cited in a number of cases which bear upon this subject; and in that case, it was held that: “An officer of a corporation, to whose order, as such, a note executed to it is payable,and who endorses the notes, adding to ,his name his official character, and negotiates it on behalf of the corporation, is not personally liable as indorser.” The reasoning of the court is — and I read from page 202, as follows:
“The case of Mott v. Hicks, is, therefore,a direct adjudication upon this very point, by the highest court of original jurisdiction in this state; and it has been acquiesced in and regarded as the law for a great length of time. The question was in the highest degree practical, and of more frequent occurrence than almost any other. It moreover, related to commercial paper, in respect to which it is of the utmost importance that the decisions of the courts should be stable, so that they may be relied on with the confidence of the community. We should be, therefore, most reluctant to depart from the principles of the case, even could it be successfully questioned as not in harmony with the legal analogies'or antecedent cases. We think, however, it is not subject to any such criticism. It has been followed in principle in Brockway v. Allen, (17 Wendell, 41,) and in Hicks v. *129 Hinde, (9 Barbour’s S. C. Rep., 528), and has not been questioned, so far as we know, by any case.”
Phillips & Phillips, Attorneys for Plaintiff in Error.
Hoyt,Dustin & Kelley,Attorneys for Defendant in Erroy.
Now, it will be seen that one of the reasons given by the court, in that case, is, that the law has been for so long a time recognized in the state of New York, ever since 1828, that it ought.notto be disturbed. The case of Brockway v. Allen, 17 Wendell, 41, cited in this case as supporting th,e proposition, is a case that goes so far as to hold that th,e maker of a promissory, note may show that he was acting as an agent, and was known by the payee .to beso acting when he signed his name as agent; so that that authority goqs much beyond what is claimed on the part of the plaintiffs in error tó be the law in Ohio.
We think we are justified,as I have already said,in holding on the authority of the cases cited in the 88th and 46th of the Ohio State Reports,that the signing of these various instruments by Barnhisel, as agent, does not relieve him from liability, even though the court had allowed it to be shown that he was acting as agent of his wife, and that that was known to the bank.
Upon the question made as to whether Gruse was authorized by Barnhisel to sign and act for Barnhisel, we are content with the finding of the jury, and the cases are affirmed.